**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-7828**

IBIKUNLE SUNDAY FAYEMI,

Plaintiff - Appellant,

versus

MURIEL K. OFFERMAN, in his individual capacity; RON STARLING, in his individual capacity; DAVID J. ADINOLF, in his individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CA-03-680)

Submitted: April 19, 2004          Decided: June 2, 2004

Before WILLIAMS, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ibikunle Sunday Fayemi, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ibikunle Sunday Fayemi appeals from a district court judgment summarily dismissing as barred by the statute of limitations his civil rights action against North Carolina officials charging that money was seized in violation of his right to due process. See 28 U.S.C. § 1915(e)(2)(B) (2000). We agree with the district court that the action is barred by the statute of limitations. Accordingly, we affirm.

We review a § 1915(e)(2)(B) dismissal de novo. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). There is no statute of limitations provided in § 1983; rather, federal courts apply the forum state's "most analogous" statute of limitations, generally the statute applicable to personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). However, the date the cause of action accrues is determined under federal law. National Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991). In North Carolina, the statute of limitations for actions under 42 U.S.C. 1983 (2000) is three years. Love v. Alamance County Bd. of Educ., 757 F.2d 1504, 1506 (4th Cir. 1985). Under federal law, a cause of action accrues and the statute of limitations commences "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."

See <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995).

We find the cause of action accrued at least by July 15, 1999, if not earlier, when Fayemi was informed by the district court that the money was turned over to the North Carolina Department of Revenue. Because Fayemi's action was filed no earlier than July 24, 2003, that action is barred by the three-year statute of limitations.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>